UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TECHTRONIC CORDLESS GP,

            Plaintiff,

-v-

MAERSK A/S, VC N PRIORITY SHIPPING GMBH & CO. KG, and M/V NORTHERN PRIORITY, IN REM,

            Defendants.

CIVIL ACTION NO.: 22 Civ. 9513 (GHW) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. BACKGROUND

On November 7, 2022, Plaintiff Techtronic Cordless GP ("Techtronic") filed the complaint in this action. (See ECF No. 1 (the "Complaint")). On February 7, 2023, noting Techtronic's failure to file proof of service of the Summons and Complaint as to Defendants Maersk A/S ("Maersk"), VC N Priority Shipping GmbH & Co. KG, and M/V NORTHERN PRIORITY in rem (together, the "Defendants"), or request an extension of time to do so, the Court ordered Techtronic to show cause why this action should not be dismissed under Federal Rules of Civil Procedure 4(m) or 41(b). (ECF No. 5 (the "OTSC")). On February 21, 2023, Techtronic filed a motion requesting a nunc pro tunc extension of time to serve the Defendants. (ECF No. 9 (the "Motion")). For the reasons set forth below, the Motion is GRANTED.

## II. DISCUSSION

A. **Legal Standards**

Under Federal Rule of Civil Procedure 4, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal" and, "[i]f the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). Alternatively, "[t]he plaintiff may notify [the] defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). Rule 4 provides specific requirements for requesting waiver of service. Fed. R Civ. P. 4(d)(1)(A)–(G).

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—**must** dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." Alvarado v. Am. Freightways, Inc., No. 04 Civ. 9536 (JCF), 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005); but see Kogan v. Facebook, Inc., 334 F.R.D. 393, 406 (S.D.N.Y. 2020) (observing that courts in this District have "declined to extend service deadlines where the plaintiff made no effort to achieve service, the resulting delay was lengthy, or plaintiffs failed to present a justifiable excuse for failing to effect service"). "A delay in service resulting from mere inadvertence, neglect, or mistake does not constitute good cause." Alvarado, 2005 WL 1467893, at *5. "The plaintiff bears the burden of

2

proof in showing that it had good cause in not timely serving the defendant." AIG Managed Mkt. Neutral Fund v. Askin Cap. Mgmt., L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000).

"Even where a plaintiff does not show good cause, district courts may exercise discretion to grant an extension of time to effect adequate service." Corley v. Vance, 365 F. Supp. 3d 407, 431 (S.D.N.Y. 2019) (citing Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007)). "In determining whether to grant a discretionary extension, courts look to '[i] whether any applicable statutes of limitations would bar the action once refiled; [ii] whether the defendant had actual notice of the claims asserted in the complaint; [iii] whether defendant attempted to conceal the defect in service; and [iv] whether defendant would be prejudiced by extending plaintiff's time for service.'" Corley, 365 F. Supp. 3d at 431–32 (quoting DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010)).

### B. Application

#### 1. Good Cause

The Court finds that Techtronic failed to demonstrate good cause for its failure to effect timely service. Indeed, Techtronic concedes that it cannot demonstrate good cause. (See ECF No. 10 at 3 ("Counsel respectfully acknowledges that attorney inadvertence, neglect, or mistake is not good cause for the extension, however it is offered and advanced as 'colorable excuse for neglect' of Rule 4(m)'s time limit.") (citing Zapata, 502 F.3d at 197)). Although Techtronic offers that "an email crash of counsel's system on or about November 30, 2022 led to numerous calendar items being inadvertently deleted from counsel's system[,]" including the 4(m) deadline in this action, Techtronic fails to explain why the deadline was not re-calendared or why it had not served the Summons and Complaint when the deadline had been

on its calendar. See Spinale v. United States, No. 03 Civ. 1704 (KMW) (JCF), 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005) ("Spinale I") ("Here, no good cause extension is warranted because the plaintiffs have not presented sufficient evidence either of their diligence or of exceptional circumstances beyond their control."), aff'd, 352 F. App'x 599 (2d Cir. 2009). These deficiencies lead the Court to conclude that Techtronic's failure was the result of "mere inadvertence, neglect, or mistake" which, as discussed above, "does not constitute good cause." Alvarado, 2005 WL 1467893, at *5. Accordingly, the Court concludes that the type of "exceptional circumstances" necessary to establish good cause are not present here. Spinale I, 2005 WL 659150, at *3.

### 2. Discretionary Extension

Despite Techtronic's failure to demonstrate good cause, however, the Court may, in its discretion, extend Techtronic's deadline to effect service. See Fantozzi v. City of New York, 343 F.R.D. 19, 26 (S.D.N.Y. 2022) ("District courts retain discretion to grant extensions of time even absent good cause shown."). Having considered the relevant factors, the Court concludes that a discretionary extension is appropriate.

The first factor weighs heavily in Techtronic's favor, as the applicable statute of limitations would bar Techtronic's claims in this action, were the action dismissed and refiled. Techtronic had until November 7, 2022 to initiate an action in federal district court.[1] See 46 U.S.C. § 1303(6);

---

[1] Although Techtronic concedes that the original statute of limitations was July 12, 2022, Defendant Maersk agreed to "extend[] and toll[] the deadline to file the claim several times, up to and including November 7, 2022." (ECF No. 10 at 4). The Court accepts Techtronic's representations regarding the parties' stipulated extensions to the tolling of the statue of limitations for purposes of the Motion only, and without prejudice to Defendants' right to assert a statute of limitations defense at the appropriate time.

Russul Corp. v. Zim Am. Integrated Shipping Servs. Co., No. 06 Civ. 0037 (JCF), 2009 WL 3247141, at *4 (S.D.N.Y. Oct. 5, 2009) (observing that the U.S. Carriage of Goods by Sea Act's ("COGSA"), 46 U.S.C. § 1300 et seq., "statute of limitations provides that 'the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered,' as long as the shipper is given notice of the loss or damage.") (quoting 46 U.S.C. § 1303(6)); see also Old Toledo Brands, Inc. v. Schenker, Inc., 590 F. Supp. 2d 588, 592 (S.D.N.Y. 2008) ("[T]he COGSA's statute of limitations is waivable[.]").  Techtronic filed the Complaint on November 7, 2022, the final day of the limitations period.  (ECF No. 1).  The statute of limitations was then "tolled during the pendency of the Rule 4(m) period."  Brunson-Bedi v. New York, No. 15 Civ. 9790 (NSR), 2018 WL 2084171, at *7 (S.D.N.Y. May 1, 2018).  Once Techtronic failed to effect service within the 90-day period, however, "the governing statute of limitations again [became] applicable, and the plaintiff [was required to] refile prior to the termination of the statute of limitations period." Frasca v. United States, 921 F.2d 450, 453 (2d Cir. 1990).  Here, Techtronic failed to effect service within the Rule 4(m) period, which expired on February 6, 2023.  Thus, dismissal of this action at this point would, in effect, bar Techtronic's claims.

The second factor also weighs in Techtronic's favor.  While Techtronic failed to serve the Summons and Complaint within the required 90-day period, it "provided notice [to Defendants] of the [c]laim[s] for nearly a year[,]" "provided prelitigation documents and materials in support of its claim[s] for [Maersk]'s inhouse counsel's review and consideration[,]" and "actively attempted to resolve the dispute with Maersk" whereby the parties agreed to waive the COGSA statute of limitations until November 7, 2022. (ECF No. 10 at 2, 6).  Thus, even though Techtronic

5

never properly effected service of the Summons and Complaint, it appears to have provided Defendants with notice of its claims.  See Jordan v. Forfeiture Support Assocs., 928 F. Supp. 2d 588, 599 (E.D.N.Y. 2013) (finding defendant "undoubtedly" had actual notice where "[p]laintiff sent the Summons and Complaint to [defendant] via certified mail but failed to comply with the service requirements set forth under the Federal Rules").  Because Techtronic notified Defendants of the pending action against them, (see ECF No. 11-1 at 1–2), and "actual notice requires defendants to have clear knowledge that an action has been brought against them[,]" In re Teligent Servs., Inc., 324 B.R. 467, 475 (Bankr. S.D.N.Y. 2005), aff'd, 372 B.R. 594 (S.D.N.Y. 2007), the Court holds that the second factor weighs in Techtronic's favor.

The third factor does not weigh in Techtronic's favor, as there is nothing to suggest the Defendants attempted to conceal the defects in service.

Finally, as to the fourth factor, the Court acknowledges that "any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action," and that, "in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect."  Zapata, 502 F.3d at 198.  The Second Circuit has stated, however, that "[w]here, as here, good cause is lacking, but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal with prejudice, [it] will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties."  Id. at 197.  Here, Techtronic alleges a "cognizable excuse" for its failure to serve, see Smith v. Ford Motor Co., No. 07 Civ. 422S (WMS), 2009 WL 2448472, at *4 (W.D.N.Y. Aug. 7, 2009), the parties

contractually stipulated that "**all** disputes for contracts of carriage which originate or terminate in the United States" are to be resolved in this District and agreed to toll the limitations period to November 7, 2022, (see ECF No. 10 at 6–7), and denial of the Motion would effectively result in dismissal with prejudice, see Vaher v. Town of Orangetown, N.Y., 916 F. Supp. 2d 404, 420 (S.D.N.Y. 2013) (internal citation omitted).  Although there can be no doubt that there is prejudice to the Defendants by extending Techtronic's time to serve the Defendants, the proposed extension of time to complete service of process of the Summons and Complaint by Friday, March 3, 2023, is modest, reasonable, and "does not rise to the level of prejudice necessary to tip the balance of this factor in [Defendants'] favor."  Lumbermens Mut. Cas. Co. v. Dinow, No. 06 Civ. 3881 (TCP) (WDW), 2009 WL 2424198, at *4 (E.D.N.Y. Aug. 6, 2009); see Purzak v. Long Island Hous. Servs., Inc., No. 12 Civ. 1747, 2013 WL 5202711, at *7 (E.D.N.Y. Sept. 13, 2013) (same); Zappin v. Supple, No. 20 Civ. 5602 (LGS), 2021 WL 1997543, at *3 (S.D.N.Y. May 19, 2021) (finding no prejudice where defendant has actual notice of the action); S. Bay Sailing Ctr., Inc. v. Standard Fire Ins. Co., No. 15 Civ. 6183 (JMA) (SIL), 2017 WL 913625, at *11 (E.D.N.Y. Jan. 17, 2017) (same), adopted by, 2017 WL 912042 (E.D.N.Y. Mar. 7, 2017).  Accordingly, the fourth factor weighs in favor of Techtronic.

On balance, the Zapata factors weigh against dismissal and support granting Techtronic a final opportunity to effect proper service.  On completing service of the Summons and Complaint on Defendants, Techtronic shall **promptly** file proof of service with the Court by filing an affidavit completed by its process server.

### III. **CONCLUSION**

For the reasons stated above, the Motion is GRANTED. Techtronic shall, no later than **Friday, March 3, 2023**, complete service of process of the Summons and Complaint on Defendants. Techtronic is warned that failure to comply with this Order may result in a recommendation that the case be dismissed for failure to prosecute. This Order resolves the Court's OTSC at ECF No. 5.

The Clerk of Court is respectfully directed to close ECF No. 9.

Dated:      New York, New York
            February 23, 2023

                                        SO ORDERED.

                                        _____
                                        **SARAH L. CAVE**
                                        **United States Magistrate Judge**